**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

MOHD NAJIB BIN ABD RAZAK,

                                    Petitioner,                    1:20-mc-00387 (JGK) (KHP)

            -against-                              **EX PARTE ORDER**

TIMOTHY LEISSNER and THE GOLDMAN
SACHS GROUP, INC.,

                                   Respondents.
----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Petitioner Razak is the former Prime Minister of Malaysia and a criminal defendant in a proceeding currently underway in the Malaysian court system (the "Malaysian Trial"). Petitioner submitted an ex parte application requesting that the Court, pursuant to 28 U.S.C. § 1782, authorize Petitioner to issue subpoenas demanding that Timothy Leissner and the Goldman Sachs Group, Inc. (collectively, "Respondents") produce documents related to Petitioner's defenses in the Malaysian Trial. Petitioner also seeks to depose Leissner and a corporate representative from the Goldman Sachs Group to obtain additional evidence and locate additional sources of helpful information to substantiate his defenses at trial. Having reviewed Petitioner's submissions, the Court finds that Petitioner's application should be GRANTED.

      Section 1782 empowers a United States district court to order any person residing within its jurisdiction to provide discovery for use in a foreign proceeding pursuant to the

application of an interested party.  28 U.S.C. § 1782(a).  Applicants for discovery under Section 1782 must meet three statutory requirements: "(1) the person from whom discovery is sought must reside or be found in the district in which the application was made, (2) the discovery must be 'for use in a foreign proceeding before a foreign tribunal', and (3) the applicant must be either a foreign tribunal or an 'interested person.'"  *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017) (citing *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015)).

In the instant case, the Petition confirms that both Respondents reside in the Southern District of New York.  Further, Petitioner intends to use the proposed discovery as part of his defense in the Malaysian Trial, a foreign proceeding.  *In re Rodriguez Guillen*, No. 20-mc-102 (ALC), 2020 WL 3497002, at *2 (S.D.N.Y. June 29, 2020) (finding that both ongoing and contemplated criminal proceedings in the Dominican Republic and Barbados satisfied the "for use" statutory requirement).  Finally, Petitioner is an interested person within the meaning of the statute since he is the criminal defendant in the Malaysian Trial.  *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011) ("litigants are included among . . . the interested persons who may invoke § 1782") (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004)).  Therefore, the Court finds that Petitioner meets the statutory criteria of Section 1782.

Further, the Court has also evaluated the nature of the Malaysian court system, the character of the criminal proceedings currently underway, and the receptivity of the Malaysian court to assistance from a United States federal court.  *See Intel*, 542 U.S. at 264.  While

Petitioner is the defendant in the Malaysian Trial, the Respondents are not involved in the case. (Petition ¶ 51.) That said, the Respondents are likely to possess evidence relevant to Petitioner's defenses. (*Id.* ¶ 52.) Further, citing various Malaysian statutes, Petitioner represents that the Malaysian court would be receptive to the proposed discovery, especially in light of the fact that the Malaysian court system would provide for such discovery if the Respondents were within the ambit of its jurisdiction. (*Id.* ¶¶ 53-58.) Therefore, granting Petitioner's application would aid the Malaysian court in its administration of justice and would serve Congress's purpose in passing Section 1782.

## Conclusion

Accordingly, Petitioner is hereby authorized to issue the proposed subpoenas. Respondents shall have 14 days from their receipt of the subpoenas to object or otherwise respond to the requests therein. Further, when serving the subpoenas, Petitioner is directed to simultaneously serve a copy of this Order on the recipients/Respondents.

**SO ORDERED.**

DATED:   New York, New York
         January 8, 2021

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge