WIGGIN
WIGGIN AND DANA

Wiggin and Dana LLP
437 Madison Avenue
35th Floor
New York, New York
10022
www.wiggin.com

John Doroghazi
203.498.4421
212.551.2888 fax
jdoroghazi@wiggin.com

February 5, 2021

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street,
New York, NY 10007

Re: **Letter Motion to Expedite Service and for Permission to Use Alternative Service of Process**

Dear Judge Parker,

Petitioner Mohd Najib Bin Abd Razak ("Petitioner") respectfully submits this Letter Motion Permission to Use Alternative Service of Process, pursuant to Federal Rule of Civil Procedure 4(e)(1) and NY CLPR § 308, as to Respondent Timothy Leissner ("Leissner"). Petitioner has unsuccessfully attempted to effectuate service upon Leissner at three separate addresses with which he is associated and which were identified on available record service databases. Leissner has pleaded guilty to serious felonies, and awaits sentencing by the United States District Court for the Eastern District of New York ("EDNY"). Under these circumstances, it is clear that locating Leissner to provide him with service through standard means is impracticable. Thus, Petitioner respectfully requests that the Court to expedite service and to (1) permit Petitioner to serve process upon Leissner's counsel of record in the pending federal criminal proceedings against him, or (2) order an alternative means of service deemed by the Court as just and proper.

## I. Background

On January 8, 2021, the Court entered an order authorizing Petitioner to serve upon Respondents Leissner and The Goldman Sachs Group, Inc. the order itself and the Petition for Discovery in a Foreign Proceeding and the attachments thereto (see Dkt. No. 1), including subpoenas requiring each Respondent to produce documents and appear for a deposition related to Petitioner's defenses in the proceeding against him in Malaysia (the "Malaysia Proceedings"). (See Dkt. No. 9.) Petitioner served The Goldman Sachs Group, Inc. on January 11, 2021, but has been unable to locate and serve Leissner.

Through review of court records and public records searches, the undersigned counsel identified three addresses potentially associated with Leissner in New York, California, and Florida, respectively. See Declaration of J. Doroghazi attached as Ex. 1. Petitioner procured process servers to effectuate personal service at each of those addresses; each time service was unsuccessful.

Specifically, the process servers reported that Leissner does not reside or stay at the apartment building located at the New York address, that Leissner no longer owns the residence located at the Florida address, and that the California address is a mere P.O. box facility. The three process servers' Affidavits of Due Diligence are attached as Exhibits B (New York), C (Florida), and D (California). To the best of Petitioner's knowledge, there are no other publicly available addresses with which Leissner is known to be associated. Similarly, Petitioner has not located any other contact information for Leissner. Accordingly, Petitioner has exhausted his options for personally serving Leissner.

Notably, it is believed Leissner is still located in the United States, and most likely in the New York area. Leissner is a defendant in a federal criminal proceeding pending in the EDNY, and the conditions of his release on bond prior to sentencing restrict his movements (the "EDNY Proceeding").

Leissner's attorneys of record in the EDNY Proceeding are Henry E. Mazurek, Esq. and Ilana Haramati, Esq., both of the firm Meister Seelig & Fein LLP, as well as Robert O'Neill, Esq., of the firm Freeh, Sporkin & Sullivan LLP (collectively, "Leissner's Counsel"). See Attorney Appearances, United States v. Leissner, No. 18-CR-439 (MKB) (E.D.N.Y.), Dkt. Nos. 34, 49–50.

## II. Personal Service upon Leissner Is Impracticable

By its terms, Federal Rule of Civil Procedure 4(e)(1) provides that an individual who resides in a judicial district of the United States may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" CPLR § 308 sets forth available methods of service under New York law. "Where service under [CPLR] §§ 308(1), (2), or (4) – which generally provide variants of personal service – is impracticable, [CPLR] § 308(5) provides that the Court may approve alternative service methods." Ransome v. Epstein, 17-CV-616 (JGK), 2018 WL 637421 at *1 (S.D.N.Y. Jan. 30, 2018) (emphasis added). Courts in this District uniformly "have found the impracticability standard met where, despite a diligent search, a plaintiff [or petitioner] has demonstrated that her efforts to obtain information regarding the [defendant's] current residence or place of abode through ordinary means … had proven ineffectual." Bozza v. Love,15 Civ. 3271 (LGS), 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) (internal quotation and citation omitted).

Just as in Epstein, in which Judge Koeltl granted alternative service where service was unsuccessful at all three physical addresses potentially associated with the defendant, service of Leissner is similarly impracticable. Petitioner (through counsel) searched court records and public online records and was able to identify the New York, California, and Florida addresses. But service at each location proved ineffective. See also Bozza, 2015 WL 4039849 at *1 (approving alternative service where professional process server failed to locate defendant). Accordingly, personal service upon Respondent Leissner has proven impracticable, and Petitioner respectfully requests that this Court grant his motion for alternative service.

**III. Service upon Respondent Leissner's Counsel Is Reasonably Calculated to Apprise Him of the Action and Afford Him an Opportunity to Object**

"Service by substitute means" pursuant to Fed. R. Civ. P. 4(e) and NY CPLR § 308(5) "is permissible provided it comports with due process by being 'reasonably calculated under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Bozza, 2015 WL 4039849, at *2 (quoting S.E.C. v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987)). Courts routinely find such substitute service upon counsel "reasonably calculated" on the ground that the person to be served is "presumably in contact with" his or her attorney. Bozza, 2015 WL 4039849, at *2 (permitting alternative service through defendant's attorney's in a pending, unrelated action in a different jurisdiction).[1]

Petitioner's request to effect service upon one of Leissner's Counsel falls squarely within this well-established line of cases. There can be little doubt that Leissner's Counsel communicate with their client, know where he is located, and can ensure Leissner receives actual notice of the Petition and subpoena attached thereto.

Petitioner proposes that it first attempt this service upon counsel in person, but that if service in-person is not easily accomplished (as many law offices are closed and most lawyers are working remotely from home during the pandemic), then substitute service can be effectuated by email.[2] This process – an in-person attempt followed by e-mail service – will also complete service in as swift a manner as possible, as Leissner's testimony is crucial to Petitioner's defense in the Malaysia Proceedings, which proceedings are ongoing.

Indeed, when Leissner will be sentenced is unclear,[3] but his ability to participate in discovery by producing documents and sitting for a deposition will be significantly impacted once he is sentenced.

For the reasons set forth above, Petitioner respectfully requests that his application for alternative service be granted.

Respectfully submitted,

*/s/ John M. Doroghazi*
John M. Doroghazi

---

[1] See also Tube City IMS, LLC v. Anza Capital Partners, LLC, 14 Civ. 1783 (PAE), 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014) (finding backstop service upon an attorney permissible where the lawyer at issue was "currently … representing [the defendant] in another litigation"); Rampersad v. Deutsche Bank Sec., Inc., No. 02-CV-7311 (LTS) (AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (same).

[2] See Metromedia Co. v. Cowan, 13 Civ. 3787 (LGS), 2013 WL 4780039, at *1 (S.D.N.Y. June 24, 2013) (authorizing substitute service by e-mail where personal service was impracticable).

[3] According to the docket for the EDNY Proceeding, Leissner's sentencing hearing was scheduled for January 22, 2021; however, he was not sentenced on that date and Petitioner, despite multiple calls to that court, has not been able to obtain any further information on the status of his sentencing.