AS/DGR/DAS
F. #2016R00467

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

MOHD NAJIB BIN ABD RAZAK,

                     Petitioner                         Docket No.  20 Misc. 387 (JGK) (KHP)

    - against -

TIMOTHY LEISSNER and THE
GOLDMAN SACHS GROUP, INC,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X


<u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE GOVERNMENT'S MOTION TO STAY</u>

TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ...................................................................................................................... 3

I.   A STAY WILL AVOID SUBSTANTIAL PREJUDICE TO THE GOVERNMENT'S
     AND THE PUBLIC'S STRONG INTERESTS IN THE U.S. CRIMINAL CASES AND
     FURTHER THE COURT'S INTEREST IN JUDICIAL EFFICIENCY .......................... 3

II.  A STAY WOULD NOT PREJUDICE PETITIONER'S INTERESTS IN LIGHT OF
     THE STATUS OF THE MALAYSIAN PROCEEDING .................................................. 7

III. A STAY IS CONSISTENT WITH THE CONSIDERABLE DISCRETION AFFORDED
     TO THE DISTRICT COURT BY SECTION 1782 ......................................................... 8

CONCLUSION................................................................................................................... 11

PRELIMINARY STATEMENT

The government has asked the Court to stay the above-captioned matter (the
"Section 1782 Matter") until the resolution of the closely related criminal cases pending in the
Eastern District of New York (the "U.S. Criminal Cases"), and in light of ███████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████ all of which are inextricably
intertwined with the information sought in the Section 1782 Matter.  Petitioner, the former Prime
Minister of Malaysia who is on trial in Malaysia for numerous crimes related to the substance of
the U.S. Criminal Cases (the "Malaysian Proceedings") opposes the requested stay.  He argues
that, as a foreign criminal defendant, a stay is not warranted; that he would be prejudiced by a
stay; that the government would suffer no prejudice absent a stay; and that a stay is inconsistent
with the purpose of 28 U.S.C. § 1782 ("Section 1782").  These arguments misapprehend the
strong interests that favor a stay, the minimal prejudice a stay would cause Petitioner, and this
Court's broad discretion under Section 1782.

As the government explained in its initial motion, the government, the public and
the Court each has a demonstrable interest in staying the Section 1782 Matter.  A stay would
help protect the integrity of the U.S. Criminal Cases until their completion.  Moreover, staying
the Section 1782 Matter and completing the U.S. Criminal Cases first would substantially
narrow—or obviate entirely—Petitioner's discovery requests.  By contrast, granting Petitioner's
request for immediate discovery in the Section 1782 Matter would seriously jeopardize not only
the integrity of the U.S. Criminal Cases, ████████████████████████████████
██████████████ and would open the door to ongoing broad and burdensome requests.

Petitioner fails to show how these substantial interests are outweighed by his
interests in obtaining immediate discovery in the Section 1782 Matter.  Although Petitioner relies

on cases in which stays of Section 1782 proceedings have been denied, none of them involved

discovery requests implicating pending United States criminal matters █████████████

███████████   Petitioner also equates his interest in immediate discovery with those of civil

litigants in the United States who have avoided a stay of civil discovery despite an ongoing

parallel criminal case.  Because Petitioner, unlike those civil litigants, can be denied discovery

entirely under Section 1782, he does not stand on equal footing to those litigants in opposing the

stay in this case.

        In addition, although Petitioner points to his status as a defendant in a foreign

criminal case and claims that any stay would destroy his ability to present a defense, those claims

are contradicted by the record he presents to the Court.  As reflected in the transcripts produced

by Petitioner, the Malaysian Proceedings are currently scheduled to continue through at least

December 2021, beyond the current schedule for trials and sentencings in the U.S. Criminal

Cases.  But more importantly, the judge presiding over the Malaysian Proceedings has made

clear that, at a later stage in the Malaysian Proceedings, Petitioner will be allowed substantial

leeway to recall witnesses and offer evidence obtained through the Section 1782 Matter once

concluded.  So, even assuming Petitioner is both entitled to Section 1782 discovery and

somehow obtains information through that discovery that he believes could aid him in Malaysia,

the requested stay will in no way prevent him from offering that hypothetical evidence in the

Malaysian Proceedings.

        Finally, Petitioner's arguments concerning the purpose of Section 1782 ignore the

"considerable discretion" afforded district courts to deny discovery entirely under Section 1782.

Such discretion makes clear that the more modest step of staying the Section 1782 Matter at this

stage is not only appropriate based on the facts and circumstances of this matter, but is also entirely consistent with the statute.

ARGUMENT

I.      A STAY WILL AVOID SUBSTANTIAL PREJUDICE TO THE GOVERNMENT'S AND THE PUBLIC'S STRONG INTERESTS IN THE U.S. CRIMINAL CASES AND FURTHER THE COURT'S INTEREST IN JUDICIAL EFFICIENCY

As the government has noted, it has "a discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in" the U.S. Criminal Cases. S.E.C. v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988). Courts in this Circuit have repeatedly recognized that the divergent discovery rules in civil and criminal cases are important reasons for staying parallel civil proceedings and discovery. See, e.g., Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 10 (D. Conn. 2002) ("Courts are very concerned about the differences in discovery afforded parties in a civil case and those of a defendant in a criminal case."); S.E.C. v. Beacon Hill Asset Mgmt. LLC, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) ("The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); Phillip Morris Inc. v. Heinrich, No. 95 Civ. 0328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (Absent a stay, targets "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules").

Petitioner asserts that these cases do not apply to him because he is not a defendant in the U.S. Criminal Cases; he is simply a foreign litigant.[1] If anything, that fact

---

[1] ████████████████████████████████████████████████████████████████████

underscores the risks of proceeding with Section 1782 discovery ahead of the U.S. Criminal Cases. As noted in the government's initial brief, Petitioner's requested discovery is sweeping, especially when compared to the scope of discovery produced to a criminal defendant. And unlike discovery produced to a criminal defendant in the United States, the material Petitioner seeks is specifically intended to be possessed abroad, largely outside of this Court's supervision and control, and offered in tribunals over which this Court has no power. Viewed in that context, the government's interest in "prevent[ing] discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in the criminal [cases]" is at least as strong in this Section 1782 proceeding as it would be in any other civil case. Chestman, 861 F.2d at 50.

Petitioner's status as a foreign litigant also has no bearing on the public's strong interest in protecting the integrity of the U.S. Criminal Cases and in preventing perjury, manufactured evidence or witness intimidation as a result of liberal discovery in the Section 1782 Matter. S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd., No. 11 CIV. 6500 RA, 2012 WL 5505738, at *5 (S.D.N.Y. Nov. 9, 2012) ("[C]ourts have granted stays of discovery in order to protect the integrity of pending criminal investigations, even where an indictment has not yet been returned." (citation omitted)). Petitioner dismisses that interest,

4

claiming there is no such risk of perjury or obstruction in this case.  (Resp. 17-18).[2]  But "[t]his principle applies whether or not the litigant is actually a defendant in the parallel criminal case."  F.D.I.C. v. Chuang, No. 85-CV-7468 (SWK), 1986 WL 3518, *1 (S.D.N.Y. Mar. 17, 1986) (citation omitted); see S.E.C. v. Blaszczak, No. 17-CV-3919 (AJN), 2018 WL 301091, at *4 (S.D.N.Y. Jan. 3, 2018) (granting stay and explaining that "[e]ven where no such evidence is present" suggesting that a party intends to "undermine the integrity of [a] criminal trial," there is a "strong public interest in vindication of the criminal law, [that] weighs heavily in favor of granting a stay to assure the integrity of the criminal proceedings").

More fundamentally, the fact that there are pending United States criminal cases here distinguishes the instant Section 1782 Matter from the other Section 1782 proceedings cited by Petitioner.  He asserts that "in § 1782 proceedings with facts similar to this one, courts have uniformly denied attempts to stay discovery," citing HT S.R.L. v. Velasco, No. 15 Misc. 664 (RBW), 2015 WL 13759884 (D.D.C. Nov. 13, 2015), In re Application of Chevron Corp., 709 F. Supp. 2d 283 (S.D.N.Y. 2010), and Nowaczyk v. Matingas, 146 F.R.D. 169 (N.D. Ill. 1993). (Resp. 12-13).  Petitioner states that "the common thread that runs through" these cases is that they concern a foreign litigant seeking Section 1782 discovery for use in a foreign criminal proceeding.  (Resp. 13).  But that is irrelevant.  Rather, the relevant "common thread" is that none of those cases involved a petitioner seeking to use Section 1782 to gather discovery about a pending United States criminal matter.  It is the collateral effects on the integrity of the U.S. Criminal Cases—██████████████████████████████████████

---

[2]     The government cites to Petitioner's response in opposition to the requested stay as "Resp. __."

██████—that distinguish this Section 1782 Matter from those in <u>Velasco</u>, <u>Chevron</u> or <u>Matingas</u>.

As a Section 1782 petitioner, Petitioner is also distinguishable from the civil litigants in the remaining cases on which he relies to oppose a stay.  Unlike Petitioner, parties to parallel actions who oppose a stay can point to their clear interest in obtaining the civil discovery guaranteed to them by United States law.  <u>See, e.g.</u>, Fed. R. Civ. P. 26; Resp. Ex. C., <u>S.E.C. v. Chakrapani</u>, No. 09 Civ. 325 (RJS) (S.D.N.Y.), Tr. 26:17–22 (denying a stay and noting "the discovery in this case, in the civil proceeding, would be sort of a windfall to the criminal defendants.  And I suppose that might be true as a practical matter.  I mean the fact is they would be getting just <u>what they're entitled to in the civil case</u>.")  By contrast, discovery under Section 1782 is discretionary, and relief can be denied entirely.  <u>See</u> <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 264 (2004) ("[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.")  As such, in assessing whether a stay is appropriate here, Petitioner's interests in seeking discovery are not equivalent to parties faced with parallel civil and criminal proceedings.

Finally, as the government previously underscored, this Court has an independent interest in staying the Section 1782 Matter to promote judicial efficiency, an interest Petitioner ignores entirely.  A parallel "civil case is likely to benefit to some extent from the criminal case no matter its outcome."  <u>S.E.C. v. Shkreli</u>, No. 15-CV-7175 (KAM), 2016 WL 1122029, at *6 (E.D.N.Y. Mar. 22, 2016) (alterations and internal quotation marks omitted).  The same benefits will accrue here.  Should witnesses and documents sought by Petitioner be presented as evidence in the U.S. Criminal Cases, it would be public, readily available to Petitioner and provide

immediate and valuable insight into whether the proposed defenses he seeks to buttress though the Section 1782 Matter have any merit at all.

II.      A STAY WOULD NOT PREJUDICE PETITIONER'S INTERESTS IN LIGHT OF
         THE STATUS OF THE MALAYSIAN PROCEEDING

      Petitioner describes his position in the Malaysian Proceedings as "dire," that he is in a "'race' against the prosecutors" in the Malaysian Proceedings and that, "[i]n a word, time is of the essence."  (Resp. 13-14).  But the actual record of the Malaysian Proceedings paints a very different picture.

      In support of this application, Petitioner submitted a transcript of a February 16, 2021 hearing in the Malaysian Proceedings, during which the status of the Malaysian Proceedings, Section 1782 Matter and the instant request for a stay were all discussed at length. (Resp. Ex. A ("Shafee Decl."), Tab 1, Feb. 16, 2021 Hr'g Tr., Public Prosecutor v. Dato' Sri Mohd Najib Bin HJ Abd Razak ("Feb. 16, 2021 Razak Tr.")).  As Petitioner notes, the Malaysian Proceedings are scheduled to last until at least the end of December 2021.  (Shafee Decl. ¶ 12). The discussion at the February 16, 2021 hearing suggests that schedule may even be optimistic, as the presiding judge in the Malaysian Proceedings noted that trial "can only resume, if at all . . . in May."  (Feb. 16, 2021 Razak Tr. 11:29-30 (emphasis added); Shafee Decl. ¶ 12).

      More importantly, the transcript of the February 16, 2021 hearing makes clear that Petitioner has been expressly permitted to offer evidence from the Section 1782 Matter at a later stage in the Malaysian Proceedings.  With the full support of the Malaysian prosecutor, the presiding judge in the Malaysian Proceedings explained that Petitioner would be given "every opportunity" to recall witnesses upon the completion of the Section 1782 Matter, stating:

> As far as the US proceedings are concerned, I think, they can carry
> on unhindered.  I will allow every opportunity and leeway for the
> defence to recall as and when the proceedings conclude with
> whatever revelations.  So, that will not be an issue.

7

(Feb. 16, 2021 <u>Razak</u> Tr. 12:33-37).  Petitioner's defense counsel in Malaysia understood that statement clearly, noting in his sworn declaration to this Court that the presiding judge in Malaysia "confirmed on the record that he would allow [Petitioner] to recall witnesses for further testimony if relevant evidence was learned during the Section 1782 proceeding."  (Shafee Decl. ¶ 13).

        Despite the Malaysian court expressly stating that Petitioner would be permitted to offer evidence at a later date in the Malaysian Proceedings, Petitioner argues that if the Section 1782 Matter is stayed for any amount of time, it would doom his defense, which would be "viewed as an afterthought" by the presiding judge in Malaysia who acts as the sole fact-finder in the case.  (Resp. 7; Shafee Decl. ¶ 10).  This alleged concern is at odds with the fact that Petitioner has <u>already</u> detailed for the presiding judge the defense he hopes to develop through the Section 1782 Matter.  (Feb. 16, 2021 <u>Razak</u> Tr. 2:1-8:2, 10:4-11:19).  Even if that hypothetical risk could be credited, the main prejudice to which Petitioner points this Court is the potential that he will not be able to offer any evidence in the Malaysian proceeding if the Section 1782 Matter is stayed.  But as set forth above, the Malaysian court has stated that it will allow Petitioner to offer whatever evidence he may obtain from the Section 1782 Matter.  Here, that fact strongly undercuts his claim that a stay will cause him substantial prejudice.

III.    <u>A STAY IS CONSISTENT WITH THE CONSIDERABLE DISCRETION AFFORDED TO THE DISTRICT COURT BY SECTION 1782</u>

        Petitioner also argues that staying the Section 1782 Matter until resolution of the U.S. Criminal Cases is against the public interest as it would "cut at [Section] 1782's core purposes" and contravene "congressionally enacted foreign policy."  (Resp. 23).  Petitioner misapprehends the purpose of Section 1782 and ignores the "considerable discretion" afforded

the district Court to deny him relief entirely.  Schmitz v. Bernstein Liebhard & Lifshitz, LLP., 376 F.3d 79, 85 (2d Cir. 2004).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012).  Section 1782 in no way limits that broad discretion, and the Court "may stay or dismiss" a Section 1782 proceeding "[a]s part of its general power to administer its docket." Lufthansa Technik AG v. Astronics Corp., 553 F. App'x 22, 23 (2d Cir. 2014) (affirming stay of Section 1782 proceeding and rejecting argument that Section 1782 limited district courts' discretion to grant a stay).

Petitioner frames the government's request for a stay as an attempt to "curb [his] rights under [Section] 1782," and cites the interests of the Malaysian public in "promot[ing] due process" as support for his discovery requests.  (Resp. 24).  As an initial matter, even if Petitioner was denied Section 1782 discovery entirely in view of a countervailing interest in protecting ongoing criminal proceedings, such a result would not be extraordinary.  See, e.g., Schmitz, 376 F.3d at 84 (affirming the denial of Section 1782 petition and noting that German authorities "expressed concerns that granting discovery would jeopardize [an] ongoing German criminal investigation"); In re Petition of the Republic of Turkey for an Order Directing Discovery From Hamit Cicek Pursuant to 28 U.S.C. § 1782, No. CV-19-20107, 2020 WL 4035499, at *10 (D.N.J. July 17, 2020) (denying Section 1782 petition given, among other things, "the substantial overlap between the requested discovery . . . and the nature of Respondent's criminal charges" and "ongoing [foreign] criminal investigations").

But Petitioner's arguments ignore that the government's motion does not ask to deny his petition; it seeks to stay it. If a district court can dismiss a Section 1782 action <u>in its entirety</u> in light of ongoing criminal matters, <u>see</u> <u>Schmitz</u>, 376 F.3d at 84, surely the more modest step of staying a Section 1782 proceeding in view of its effects on a United States criminal case is consistent with the statute. In addition, any claim that a stay is akin to denying Petitioner relief is unavailing. The Malaysian Court has expressly permitted Petitioner to offer evidence after the conclusion of the Section 1782 proceeding. As such, a stay will not prejudice Petitioner from exercising his "approximately identical rights under Malaysian law." (Resp. 24).

Ultimately, the policy purposes underlying Section 1782 do not alter the balancing of interests applicable here. Given the strong interests of the government, the public and the Court in protecting the integrity of the U.S. Criminal Cases, ███████████ ████████████████████████████ the promotion of judicial efficiency, and the relatively minimal prejudice to Petitioner, the Court should grant the requested stay of the Section 1782 Matter.

## CONCLUSION

For the reasons set forth above and in the government's initial motion, a stay of the Section 1782 Matter until completion of the U.S. Criminal Cases ██████████ ██████████ is appropriate.  Accordingly, the government respectfully submits that the Court should enter the requested stay.

Dated:      Brooklyn, New York
            March 5, 2021

                                    Respectfully submitted,

                                    SETH D. DuCHARME
                                    Acting United States Attorney
                                    Eastern District of New York


                              By:   /s/ Alixandra Smith
                                    Alixandra Smith
                                    Drew G. Rolle
                                    Dylan A. Stern
                                    Assistant United States Attorneys


DANIEL S. KAHN                      DEBORAH L. CONNOR
Acting Chief, Fraud Section         Chief, Money Laundering & Asset Recovery Section
Criminal Division                   Criminal Division
U.S. Department of Justice          U.S. Department of Justice

By:   /s/                     By:   /s/
      Katherine Nielsen             Jennifer E. Ambuehl
      David Last                    Nikhila Raj
      Trial Attorneys              Trial Attorneys

11