UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -X

MOHD NAJIB BIN ABD RAZAK,

    Petitioner,                                          20 Misc. 387 (JGK) (KHP)

    - against -

TIMOTHY LEISSNER and THE
GOLDMAN SACHS GROUP, INC.,

    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GOVERNMENT'S
MOTION TO FILE SENSITIVE INFORMATION UNDER SEAL AND *EX PARTE*

PRELIMINARY STATEMENT

The government respectfully submits this reply memorandum in further support of its February 9, 2021 motion (Dkt Nos. 20-21 ("Sealing Motion")) to file under seal and ex parte certain sensitive information in the Sealing Motion and in the government's motion to intervene and stay the proceedings (Dkt Nos. 18-19 ("Stay Motion")), as well as additional sensitive information in this memorandum and the reply memorandum in support of the Stay Motion ("Stay Motion Reply"), which are being filed simultaneously today, March 5, 2021 (collectively, the "Sensitive Information").

In his response to the Sealing Motion (Dkt. No. 35 ("Pet. Resp.")), Petitioner "takes no position" with respect to the Sealing Motion "to the extent it seeks to seal from the public record" the Sensitive Information. (Id. at 8). Because Petitioner does not challenge the government's representation, backed by its submissions, that public disclosure of the Sensitive Information implicates sufficiently "higher values" that warrant sealing, the government does not further address its arguments regarding sealing here. Instead, the government relies on the information in the Sealing Motion, and reiterates its request that the Court make specific findings that keeping the Sensitive Information under seal and ex parte is both essential to preserve compelling interests and narrowly tailored to serve those interests. See United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005). The government further requests that to the extent that portions of the Court's decisions with respect to the Stay Motion or the Sealing Motion reference the Sensitive Information, such portions also be filed under seal and ex parte.

However, while not challenging sealing from the public, Petitioner contends that the government "has not presented—as it must—sufficient justification to characterize the [Sensitive Information] as so 'sensitive' that" ex parte filing is warranted. (Pet. Resp. 1).

Petitioner further complains that he allegedly cannot effectively respond to the government's motion because the government filed its justification for seeking to file the Sensitive Information under seal and ex parte in a filing that was, in part, also filed under seal and ex parte. (Id.). As a result, Petitioner demands that the Court "order the government to provide Petitioner and/or his counsel with an unredacted version of its filings immediately." (Id. at 2). That demand is without merit.

In pressing his demand, Petitioner misstates the applicable legal standard, repeatedly invoking criminal cases. But this is not a criminal matter. This is a civil matter in which the government seeks a stay to protect the integrity of a criminal matter. It is not only proper, but common, for the government to provide information in support of such a stay under seal and ex parte. Indeed, the alternative approach for which Petitioner advocates would give him a windfall. He would get information about a criminal matter ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ in another district, to which he is not entitled, merely by filing a civil matter in this district. That is not the law—for good reason.

### THE GOVERNMENT PLAINLY MEETS THE LEGAL STANDARD TO FILE THE SENSITIVE INFORMATION *EX PARTE*

I. Applicable Law

Where the government seeks to intervene and stay a civil case, in whole or in part, to protect the integrity of a related ongoing criminal proceeding, courts routinely find that it is appropriate for the government to submit, and for the court to rely on, an ex parte submission detailing the criminal proceeding. See, e.g., F.D.I.C. v. Chuang, No. 85 Civ. 7468 (SWK), 1986 WL 3518, at *1 (S.D.N.Y. Mar. 17, 1986) (granting government's request to intervene in civil case and stay discovery based on the government's ex parte submission that "outlined in detail the extent of the government's probe"); Acacia Corp. Mgmt., LLC v. United States, No. CIVF-

07-1129 AWI GSA, 2008 WL 2018438, at *1 (E.D. Cal. May 7, 2008) (granting government's motion to intervene in civil case and stay discovery based in part on the government's "declaration, ex parte sealed, explaining the entanglement between this civil case and the criminal investigation").  That is particularly common where "an interest in grand jury secrecy is at issue" in the materials submitted by the government.  S.E.C. v. Downe, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 n.7 (S.D.N.Y. Jan. 26, 1993) (citing In re Doe, 711 F.2d 1187, 1194 (2d Cir. 1983)); see also S.E.C. v. Beacon Hill Asset Mgmt. LLC, No. 02 Civ. 8855 (LAK), 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004) ("The government's ex parte submission was appropriate where, as here, it was necessary in order to protect grand jury secrecy."); see generally In re John Doe, Inc., 13 F.3d 633, 636 (2d Cir. 1994) ("[W]here an in camera submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure."); In re Marc Rich & Co., 707 F.2d 663, 670 (2d Cir. 1983) (concluding that while "in camera submissions of affidavits are not to be routinely accepted, an exception to this general rule may be made where an 'ongoing interest in grand jury secrecy' is at stake" (citations omitted)).

In Downe, for example, the court rejected an argument that it could not consider a sealed, ex parte affidavit in granting the government's request to intervene in a related civil case and stay discovery, explaining that it "is well-established" that a court may rely on such a submission for that purpose.  1993 WL 22126, at *11 n.7.  Indeed, a court may affirmatively request that the government make an ex parte filing where it wishes to have more information about a criminal proceeding.  See S.E.C. v. Rand, No. 1:09-CV-01780-AJB, 2010 WL 11549601, at *12 (N.D. Ga. Dec. 14, 2010) ("[d]irect[ing] the government to file an ex parte brief" providing additional information about aspects of its criminal case so that the court could

reach a decision on the government's motion for a stay of civil discovery); cf. Doe v. United States Merchant Marine Academy, 307 F. Supp. 3d 121, 142 (E.D.N.Y. 2018) (noting the Court's direction that the government file transcripts of the underlying military hearing under seal); Logan v. United States, 2014 WL 3700326, at *3 (E.D.N.C. July 24, 2014) (explaining, in the context of a habeas petition, that the Court "direct[ed] the government to file additional documentation . . . under seal" relating to the criminal case).

Petitioner neither acknowledges this case law, nor the settled principle that it is "well-established" that courts may consider ex parte submissions by the government about an ongoing criminal investigation or prosecution under circumstances such as those presented here. Downe, 1993 WL 22126, at *11 n.7. Instead, Petitioner claims that ex parte applications should be permitted only in "exceptional circumstances" allegedly not present here. (Pet. Resp. 6). In advancing this proposition, Petitioner cites almost exclusively to language discussing "the dangers of allowing ex parte proceedings in criminal cases," United States v. Napue, 834 F.2d 1311, 1318 (7th Cir. 1987) (emphasis added)—which this is not. In the criminal context, courts have observed that ex parte applications are disfavored because of the concern that they might deprive a criminal defendant, facing the loss of liberty, of his or her Constitutional rights in the very case in which ex parte filing is sought. (See Pet. Resp. at 5-7 (citing Napue, 834 F.2d at 1318 (discussing ex parte filings in the context of a criminal case); Campbell v. United States, No. 91 Cr. 932 (VLB), 1994 WL 361606, at *2 n.2 (S.D.N.Y. July 5, 1994) (same); United States v. Rezaq, 899 F. Supp. 697, 707 (D.D.C. 1995) (same); United States v. Stevens, No. Crim. 08-231 EGS, 2008 WL 8743218 (D.D.C. Dec. 19, 2008)[1] (same); United States v. McTier,

---

[1] Petitioner miscites this case as United States v. Stevens, 2008 WL 8342318 (D.D.C. Dec. 19, 2008). (See Pet. Resp. 5).

4

05 Cr. 401 (ILG), 2006 WL 2707439, at *1 (E.D.N.Y. Sept. 20, 2006) (same); United States v. Presser, 828 F.2d 330, 336 (6th Cir. 1987) (same); United States v. Carmichael, 232 F.3d 510, 517 (6th Cir. 2000) (same))).[2] There is no such concern here, where Petitioner is a civil litigant.

In any event, even in criminal cases, where there is a heightened concern about ex parte filings, courts routinely permit the government to submit, and courts rely on as appropriate, ex parte filings that detail sensitive aspects of ongoing criminal investigations or prosecutions, discuss matters of national security, and/or are necessary to ensure the safety of witnesses and others. See, e.g., Napue, 834 F.2d at 1318 (rejecting claim that the government's ex parte filings about defendant's discovery requests, which detailed concerns about defendant's dangerousness, deprived a criminal defendant of his Constitutional rights); Rezaq, 899 F. Supp. at 707 (holding it was appropriate for the government to seek to make ex parte filings regarding information related to national security concerns); McTier, 2006 WL 2707439, at *1 (rejecting a defendant's challenge to the government's ex parte filing and finding such filings are proper when "the government's assertion of a need for non-disclosure will not deprive a defendant of a Constitutional right" and "necessary where the safety of witnesses are concerned and in the area of national security").

That Petitioner is currently charged with crimes in a separate proceeding, in a foreign country, does not change this analysis, for multiple reasons. (See Pet. Resp. 8 (asserting that Petitioner would be entitled to criminal discovery "were [Petitioner] a criminal defendant in the United States")). As an initial matter, Petitioner's status as a criminal defendant in Malaysia does not confer upon him the rights he would be afforded if he were a criminal defendant in the

---

[2] Petitioner also cites Crane v. Kentucky, 476 U.S. 683 (1986), which does not involve or address any ex parte application. (Pet. Resp. 8).

5

United States.  In any event, even if Petitioner were a criminal defendant in the related criminal proceeding(s) in the United States that have prompted the government to seek intervention here, he would have no right to seek discovery through filing a civil action before a different court, in a different district, and the government's ex parte filing thus would remain entirely appropriate.  As discussed in the Stay Motion, it is axiomatic that a criminal defendant may not use the civil discovery process to circumvent discovery in a federal criminal matter.  (See Stay Motion at 10-11; Stay Motion Reply at 3-4); SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988).  This principle would be gutted if a civil litigant who was, or feared he might become, a defendant in a related criminal proceeding could seek discovery in another district by filing a civil action, then oppose a stay of discovery in that action and a prevent the government from filing its bases for seeking such stay ex parte—thereby forcing the government to reveal the very information to which the criminal defendant was not entitled in a criminal case.  That proposition is not the law.  See Rand, 2010 WL 11549601, at *12 (civil litigant was a defendant in a related criminal proceeding, and government filed information about witnesses in the related criminal proceeding ex parte).

       Notably, the only civil case cited by Petitioner, Little Tor Auto Ctr. v. Exxon Co., USA, 822 F. Supp. 141 (S.D.N.Y. 1993) (Pet. Resp. 7), is entirely inapposite, because it discussed the propriety of an ex parte application for an emergency injunction pursuant to Federal Rule of Civil Procedure 65 (specifically, an order enjoining the termination of a franchise), circumstances which are not remotely present here.  In the unique context of a party seeking affirmative injunctive relief, the court observed that ex parte applications are strongly disfavored because, should the court grant such relief, immediate and "substantial interference with life, liberty or property" would result without any notice to the affected party.  Id. at 143.  That is very different from this case.  The government does not ask this Court to order Petitioner

6

to do something that would hurt his "life, liberty or property," but merely to stay his attempt to perform an end-run around settled limitations on disclosure by the government of sensitive information (███████████████████). But even in <u>Little Tor Auto Ctr.</u>, the court observed that even when a party is seeking an order with such consequences, <u>ex</u> <u>parte</u> applications may be appropriate when "advance contact with the adversary would itself be likely to trigger irreparable injury." <u>Id.</u> That is true here.

In sum, in cases such as this one, where the government is seeking to intervene and stay a civil matter due to the pendency of a related criminal matter, it is common, appropriate, and routine for the government to submit (either affirmatively or at the court's behest), and the court to consider, <u>ex</u> <u>parte</u> applications describing the ongoing criminal investigation or prosecution ███████████████████████████████████. The cases relied upon by Petitioner to suggest that <u>ex</u> <u>parte</u> filings are permitted only in the "rarest of circumstances" (Pet. Resp. 6) all involve far different circumstances. This proceeding is not a criminal proceeding in which Petitioner is the defendant, and the government is not seeking affirmative injunctive relief against the Petitioner of which he is unaware. And, as detailed above, case law makes clear that even in circumstances where <u>ex</u> <u>parte</u> applications are generally disfavored, such filings may still be appropriate to, among other things, protect the integrity of criminal proceedings.

II.     <u>Discussion</u>

Under the settled legal standard set forth above, filing the Sensitive Information under seal and <u>ex</u> <u>parte</u> is both legally appropriate and necessary, as it includes information

regarding █████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

---

[3] The terms "████████████████████████" "Low/Ng Criminal Case" and "Criminal Cases" are all defined in the Sealing Motion and have the same meaning here. (See Sealing Motion 2-3).



9



10

CONCLUSION

For the reasons set forth in the government's prior submissions and herein, the government's motion should be granted.

Dated: New York, New York
March 5, 2021

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York

By: s/ Alixandra Smith
Alixandra Smith
Drew Rolle
Dylan Stern
Assistant United States Attorneys
(718) 254-6370

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: s/
Katherine Nielsen
David Last
Trial Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering & Asset Recovery Section
Criminal Division
U.S. Department of Justice

By: s/
Jennifer E. Ambuehl
Nikhila Raj
Trial Attorneys