UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOHD NAJIB BIN ABD RAZAK,

                                Petitioner,                      1:20-mc-00387 (JGK) (KHP)

                -against-                                                  **ORDER**

TIMOTHY LEISSNER and THE GOLDMAN
SACHS GROUP, INC.,

                                Respondents.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        By motion dated February 9, 2021 (Doc. No. 9), the government has moved to intervene and requested a stay of this action until the resolution of *United States v. Low Taek Jho and Ng Chong Hwa* (18-cr-538 (EDNY)) ███████████████. Mohd Najib Bin Abd Razak ("Petitioner") opposed the government's motion by letter dated February 23, 2021. (ECF No. 32.) The government responded with a reply memorandum by letter dated March 5, 2021. (ECF No. 42.) For the reasons that follow, this court **GRANTS** the government's motion to intervene and to stay the proceedings.[1]

## Background

        The 1Malaysia Development Berhad ("1MDB") was an investment company in which billions of dollars were ostensibly raised for public development projects in Malaysia, but instead landed in private pockets. The Goldman Sachs Group, Inc. ("Goldman Sachs") and certain

---

[1] This Court notes that a motion for a stay is a "is a 'nondispositive' motion within the scope of a general pretrial referral," such as Judge Koeltl's referral here (Doc. No. 8). *See Alexander v. City of New York*, No. 07-cv-5676 (JSR) (FM), 2008 WL 919621, at *1 (S.D.N.Y. Mar. 31, 2008) (collecting cases).

1

affiliates were involved in the 1MDB Scheme because they facilitated issuing billions of dollars-worth of bonds for these projects which were diverted elsewhere. Timothy Leissner ("Leissner"), a then-employee of Goldman Sachs, was involved in this scheme. On August 28, 2018, Leissner pleaded guilty to one count of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and one count of conspiracy to commit money laundering. On October 22, 2020, Goldman Sachs entered into a three-year deferred prosecution agreement with the government for its role in the criminal scheme related to 1MDB.

The Petitioner is the former Prime Minister of Malaysia and a criminal defendant in a proceeding currently underway in the Malaysian court system for charges related to similar actions in connection with 1MDB. (ECF No. 1.)

On November 17, 2020, the Petitioner submitted an *ex parte* application, pursuant to 28 U.S.C. § 1782, which allows a federal district court to order a person found within its district to provide discovery for use in a foreign proceeding. (*Id.*) The Petitioner sought the issuance of subpoenas upon Goldman Sachs and Leissner for deposition testimony and documents to obtain additional evidence to substantiate his defenses at trial. *(Id.)* On January 8, 2021, the Court granted Petitioner's motion. (ECF. No. 9.) On February 9, 2021, the government filed a Sealing Motion, seeking to include Sensitive Information and the Sealing Motion under seal and *ex parte*. (ECF No. 20.)

**Motion to Intervene**

While the Petitioner does not object to the Government's intervention (ECF No. 32.), the Court has reviewed the government's motion to intervene and affirms that right. Under Federal Rule of Civil Procedure 24(a)(2), the court must allow a party to intervene if it "claims an interest

relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Alternatively, Rule 24(b) permits permissive intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention is thus within the court's broad discretion. *see AT&T Corp. v. Sprint Corp.,* 407 F.3d 560, 561 (2d Cir. 2005) (recognizing "the broad discretion of the district court when considering permissive intervention"). The Government's application asserts that intervention is allowed under both standards. Here, the Court finds that the Government has met the criteria to intervene under Rule 24(A) because the filing is timely and the government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Sec. & Exch. Comm'n v. Shkreli*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (quoting *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)). Additionally, the Court finds that the Government's motion also has met the requirements for permissive intervention under Rule 24(b), considering the common questions of law and fact to the ongoing cases. "It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." *S.E.C. v. Downe*, No. 92 CIV. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (citing *Chestman*, 861 F.2d at 50).

**Motion to Stay the Proceeding**

Federal courts may, in their discretion, stay a civil action that is related to a pending criminal proceeding. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("it is within the power of the

3

district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"). The broad authority to grant a stay extends to §1782 proceedings. *In re Imanagement Servs. Ltd.*, No. 05–MC–89, 2005 WL 1959702, *1 (E.D.N.Y. Aug. 16, 2005) (noting that discovery had been stayed pursuant to 28 U.S.C. § 1782). In determining whether to stay a parallel civil action, courts consider a number of factors, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Cameron v. Wise*, No. 09-cv-967 (PKC) (DFE), 2009 WL 3755093, at*3 (S.D.N.Y. Nov. 2, 2009) (citation omitted).

In balancing these factors, the Court finds that a stay is warranted. First, there is significant overlap between the issues in these cases. Both cases arise out of the same scheme that misappropriated funds from the 1MDB scandal ████████████████████████████████████████████████████████████████████████████████████. *see Harris v. Nassau Cnty.*, No. 13-CV-4728, 2014 WL 3491286, at *3 (E.D.N.Y. July 11, 2014) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.").

Second, a stay of discovery is often necessary where formal charges have already been brought because there is a greater risk that limitations on criminal discovery will be circumvented by the liberal discovery permitted in civil litigation. s*ee S.E.C. v. Treadway*, No. 04 CIV.3464 VM JCF, 2005 WL 713826, at *4 (S.D.N.Y. Mar. 30, 2005) (". . . where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution which

4

parallels the subject matter of the civil action."). ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████ Limits on criminal discovery in parallel civil and criminal litigation exist to guard against specific concerns, mainly that "broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence, a revelation of the identity of prospective witnesses may create the opportunity for intimidation and criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self[-]incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants." *SEC v. Cioffi,* No. 08-cv-2457 (FB), 2008 WL 4693320, at *2 (E.D.N.Y. Oct. 23, 2008)) (citing *Nakash v. United States Dep't of Justice*, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988)). ████████████████████████████████████

████████████████████████████████████

Third, the petitioner contends that he will suffer prejudice absent a stay because he will not be able to gain access to evidence, including witness statements and documents, during the pendency of the criminal proceedings in Malaysia. However, while the Court recognizes that these are legitimate concerns, there are reasons to believe that this information is not necessary to his defense and his ability to defend himself is not foreclosed in its entirety. The Court also understands that the Petitioner moved to have the Malaysian Proceeding stayed and the court denied his request. (ECF No. 33.) However, the Malaysia Court did confirm that the Petitioner may be able to recall witnesses if new evidence is presented, and this Court finds that the

Petitioner is not foreclosed from making additional motions to stay in the Malaysian proceeding should he come upon new evidence in his case or in light of COVID-related delays. *(Id.)*

Petitioner may suffer some degree of prejudice if he cannot obtain the statements of certain witnesses whom the government may call at the criminal trial, but the discovery limitations in criminal proceedings include a prohibition on discovering statements of Government witnesses "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). More importantly, the public has an "overriding interest in the integrity of criminal proceedings," which includes ensuring "the integrity and security of [Government] witnesses." *Sec. & Exch. Comm'n v. Archer*, No. 16CV3505, 2016 WL 4371303, at *2 (S.D.N.Y. Aug. 10, 2016). These concerns outweigh any prejudice to the Petitioner.

## Conclusion

For these reasons, the Government's motion is **GRANTED** and this case is stayed pending the resolution of *United States v. Low Taek Jho and Ng Chong Hwa* (18-cr-538 (EDNY)). Goldman Sachs's and Leissner's time to respond to the subpoenas is stayed until 60 days after completion of the criminal trial. If, at the time the criminal trial ends, there are any supplemental objections to the subpoena or a basis for extending the stay, applicable motions must be filed with the Court within 21 days of the resolution of the criminal case.

**The Clerk of Court is respectfully directed to file this document under seal with access limited to the parties and the Court.**

SO ORDERED.
Dated: May 7, 2021
New York, New York

_____
**KATHARINE H. PARKER**
**United States Magistrate Judge**