UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHD NAJIB BIN ABD RAZAK,

                Plaintiff,

- against -

TIMOTHY LEISSNER ET AL.,

                Defendants.

20-mc-387 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

The petitioner, Mohd Najib Bin Abd Razak, brought this petition pursuant to 28 U.S.C. § 1782, seeking discovery materials from the respondents, the Goldman Sachs Groups, Inc. ("Goldman") and its former employee Timothy Leissner ("Leissner"), in aid of the petitioner's defense in connection with a criminal proceeding in Malaysia.

The Court referred the petition to Magistrate Judge Parker, who granted the petition on January 8, 2021. ECF No. 9. Subsequently, the United States moved to intervene in the case and to stay all discovery until the resolution of a related criminal matter pending in the Eastern District of New York. ECF No. 18. In an order dated May 7, 2021, the Magistrate Judge granted the stay. ECF No. 49. Razak has filed objections to the stay and moves to vacate the stay pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

The factual background is set forth in the Magistrate Judge's stay order and will not be repeated here. See ECF No. 49. For the reasons explained below, the motion is **denied**.

I

Objections to a magistrate judge's ruling should be sustained only if the ruling was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); In re Buspirone Patent Litig., 210 F.R.D. 43, 52 (S.D.N.Y. 2002).[1] "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, No. 00-cv-5004, 2001 WL 1142231, at *1 (S.D.N.Y. Sept. 27, 2001). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.; see also Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004).

II

It is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (holding that although "the Constitution . . . does not ordinarily require a

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

stay of civil proceedings pending the outcome of criminal proceedings . . . a court may decide in its discretion to stay civil proceedings"). Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. See In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y. 1990). A stay of the civil case, however, is an extraordinary remedy. Id. at 13.

"There are numerous factors that should be considered in determining whether a stay is warranted, including: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); see also Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012). These factors "are not mechanical devices for churning

3

out correct results in overlapping civil and federal proceedings, replacing the district court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." Louis Vuitton, 676 F.3d at 99.

"[S]tays of civil discovery pending the resolution of criminal proceedings are usually initiated by the targets of criminal investigations on Fifth Amendment grounds." F.D.I.C. v. Chuang, No. 85-cv-7468, 1986 WL 3518, at *2 (S.D.N.Y. Mar. 17, 1986). As a result, the balancing test articulated above does not perfectly map onto cases where the stay is sought by the government. Nonetheless, many courts have found that "when both civil and criminal proceedings arise out of the same or related transactions, the government is entitled to a stay of all discovery in the civil action until disposition of the criminal matter." City of New York v. Gutlove & Shirvint, Inc., No. 08-cv-1372, 2008 WL 4862697, at *2 (E.D.N.Y. Nov. 10, 2008); see also Chuang, 1986 WL 3518, at *2; S.E.C. v. Kozlowski, No. 02-cv-7312, 2003 WL 1888729, at *2 (S.D.N.Y. Apr. 15, 2003) ("[F]ederal courts have the power to manage civil litigation to avoid interference with criminal prosecutions."). "When the Government requests such a stay, it is usually because of concerns that (1) the broad disclosure of the essentials of the

4

prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants. The determination of how best to address these considerations is within the discretion of the court and should be made in light of the particular circumstances of each case." Nakash v. United States Dep't of Justice, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988).

### III

In the stay order, the Magistrate Judge correctly identified the relevant law to be applied and the factors to be considered. The order then reasonably applied those factors to this case. First, with respect to the overlap between the cases, the Magistrate Judge correctly found that there is a significant overlap because the pending case in the Eastern District of New York and the case for which the petitioner needs discovery in Malaysia arise out of the same scheme. Second, as to the status of the criminal case, the Magistrate Judge reasonably credited the Government's well-articulated rationale for the need for a stay at this stage which relied to some extent on sealed

5

information.[2] Third, the Magistrate Judge discussed the competing interests of the petitioner and the public, and concluded that, on balance, the latter concerns outweighed any prejudice to the petitioner.

In his objections, Razak argues that the stay order failed to weigh the clear and extreme prejudice to the petitioner. To support this proposition, Razak claims that it was inconsistent for the Magistrate Judge to first deem the petition worthy of granting because the discovery Razak was seeking was "relevant enough" to his criminal case and to then stay the case because the information was "not necessary." As an initial matter, Razak mischaracterizes the stay order, which clearly acknowledged the legitimate concerns about prejudice to Razak and stayed discovery only until 60 days after completion of the pending criminal case in the Eastern District of New York.

Furthermore, Razak's argument fails to appreciate that the order granting the petition and the stay order were based on different factual bases and legal standards. The initial decision to grant the petition was based on an ex parte submission by the petitioner and only permitted issuance of subpoenas. There was not yet any opportunity for opposition to the subpoenas, and the Magistrate Judge had not yet heard from

---

[2] The Magistrate Judge correctly allowed the Government to make an ex parte submission under seal. The particulars of that submission which were included in sealed parts of the Magistrate Judge's decision support the Magistrate Judge's decision.

6

the Government on its motion to intervene and seek a stay. The Government's submission demonstrated a compelling public interest in preserving the integrity of the ongoing criminal prosecution and other interests articulated in the Government's ex parte submission.

Moreover, the balancing required on a motion to stay means that the court should consider all the competing interests. See, e.g., SEC v. Syndicated Food Serv. Int'l, No. 04-cv-1303, 2004 U.S. Dist. LEXIS 31717, at *16 (E.D.N.Y. Aug. 19, 2004) (granting a stay despite prejudice against a party opposing the stay because that party "failed . . . to demonstrate that the potential prejudice he faces outweighs the interests of those in favor of a stay"). Accordingly, the stay order properly conducted the required balancing when it concluded that concerns about integrity of criminal proceedings and integrity and security of witnesses outweighed the prejudice to the petitioner. Therefore, the stay order considered any prejudice to the petitioner in the context of other competing interests.

Razak further argues that the order did not properly weigh the public's interests and that it wrongly concluded that the subpoenas will not imperil the integrity of the Government's EDNY case. However, based on a review of the unredacted version of the stay order and the Government's ex parte submissions, it is clear that the Magistrate Judge properly concluded that the

7

discovery in this case could imperil the integrity of the Government's EDNY case and, for that reason, that the public's interest in staying the case outweighed the petitioner's interest in proceeding with discovery. See, e.g., SEC v. Tuzman, No. 15-cv-7057, 2016 U.S. Dist. LEXIS 193710, at *9 (S.D.N.Y. Mar. 1, 2016) (granting a stay because the risk of witness intimidation outweighed prejudice to the objecting defendant).

As a result, the Magistrate Judge's stay order is neither clearly erroneous nor contrary to law. Accordingly, the petitioner's objections are without merit and the motion to vacate the stay is **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit.

For the foregoing reasons, the motion to vacate the stay is **denied**.

The Clerk of the Court is directed to close docket number 52.

**SO ORDERED.**

**Dated:** **New York, New York**
**June 22, 2021**

_____
John G. Koeltl
**United States District Judge**