

Aurora Cassirer
Partner
aurora.cassirer@pierferd.com
Direct: 917-817-6617
1270 Avenue of the Americas
7th Floor--1050
New York, NY 10020

March 11, 2025

<u>VIA ECF</u>

Hon. Katherine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **In Re: Renewed and Revised *Ex Parte* Application of Mohd Najib Bin Abd Razak (SDNY) 1:20-mc-00387 (JGN)(KHP)**

Dear Judge Parker:

    We write on behalf of Petitioner Mohd Najib Bin Abd Razak to address and refute the arguments made in the opposition papers filed on behalf of Mr. Timothy Leissner. Petitioner respectfully submits that Your Honor should reject Mr. Leissner's position.

    At the outset, we note that neither Marc Agnifilo, Esq., and his firm nor the U.S. Attorney for the Eastern District of New York have filed in opposition to our motion. Indeed, we have amicably met and conferred with Mr. Agnifilo and his firm and also with the government in a fruitful effort to narrow potential disagreements and resolve potential pitfalls.

    By contrast, Mr. Mazurek on behalf of Respondent Leissner provided no opportunity for any such discussions before announcing by email last Sunday night that he would be "filing opposition papers tomorrow." Against that backdrop. Mr. Leissner's position is best described as an outlier.

    For his opposition is entirely without merit. His sole and erroneous argument asserts that Petitioner has delayed for too long in seeking the present relief. Over 12 pages, in various ways but always without effect, the opposition papers insist "Heads, Mr. Razak lost in 2021 when the government's investigative privilege and security concerns were at their apex / Tails, its four years later – *but now it's too late*." Neither the law nor the facts support this position.

    In light of the above circumstances, we respectfully request that if after tomorrow's 2pm hearing, the Court is yet to be persuaded to grant Petitioner's motion under Fed. R. Civ. P. 60(b)(6) to reinstate and renew the prior proceedings under 28 U.S.C. §1782, it grant Mr. Razak leave to submit a reply brief of 5 pages maximum.

    We very much look forward to engaging on the heart of the actual matter with the hope that it obviates need for any further response to Mr. Leissner's inapposite read of Fed. R. Civ. P 60(b). In sum:

- Mr. Razak is on trial for his life in Malaysia, where prosecutors seek to convict him on the basis of hearsay evidence of fraudulent intent. This appears to be the very same evidence that in 2021, Mr. Agnifilo and his partners bravely called out as belied by exculpatory evidence disclosed in the EDNY 1MDB prosecution subject to protective order. Thus, the

The Honorable Katherine Parker
March 11, 2025

>  motion aims to prevent "extreme and undue hardship" and is therefore squarely within the ambit of Rule 60(b)(6).  *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc*., 970 F.3d 133, 143 (2d Cir. 2020;

- In 2021, the (U.S.) government obtained a stay of discovery from Your Honor based on then-current claims of investigative privilege, albeit ones that were allegedly so sensitive that they were argued *ex parte* – and withheld from Petitioner;

- Whatever the merit of those investigative privilege claims in 2021, over time and acutely in the last 12-15 months, they have fundamentally dulled:
    - After being tried and convicted in EDNY in 2022 1MDB defendant Roger Ng was sentenced in 2023 and at the end of that year, released to Malaysia without serving a day of his 10-year federal sentence;
    - Ng's codefendant Jho Low remains a fugitive, whereabouts unknown – or unreachable by the U.S. or Malaysia;
    - Mr. Leissner pleaded guilty early on, has testified in the Ng trial and has presumably cooperated with the prosecution throughout the last eight years, and is currently awaiting sentencing.  It is therefore inconceivable that he would face any hardship by briefly testifying as to Petitioner's role in this long-running saga;
    - FCPA prosecutions like the underlying one have recently -- but emphatically -- been deprioritized by the U.S. Department of Justice.

Accordingly, this motion was made within the reasonable time that Rule 60(b) requires (not the one-year period under Rule 60(c) that Mr. Leissner mistakenly invokes, see *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  But even more important, in light of fundamental changes in circumstance, *see Stevens v. Miller*, 676 F.3d 62, 68 (2d Cir. 2012), the equities now profoundly favor reopening this action to authorize Mr. Razak to pursue acutely-needed discovery that the Court in 2021 agreed was appropriate, but stayed at government behest for reasons that no longer apply.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Aurora Cassirer
Aurora Cassirer
Pierson Ferdinand LLP
1270 Avenue of the Americas
7th Floor—1050
New York, NY 10020
917.817.6617
aurora.cassirer@pierferd.com

4929-8709-5847, v. 1