UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re Renewed and Revised Ex Parte Application
of Mohd Najib Bin Abd Razak,

                                                        Petitioner,

                          -against-

For An Order Pursuant to 28 U.S.C. § 1782 To
Take Discovery For Use In Foreign Proceedings
From: Tim Leissner, Agnifilo Intrater LLP,
Brafman P.C. and Marc A. Agnifilo,

                                                        Respondents.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/2025

1:20-mc-00387 (JGK) (KHP)

**REPORT & RECOMMENDATION
ON MOTION TO RE-OPEN
SECTION 1782 ACTION**

**TO:** THE HONORABLE JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE
**FROM:** KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

      Petitioner Mohd Najib Bin Abd Razak ("Razak") is the former Prime Minister of Malaysia and the defendant in a criminal action in Malaysia. He filed this action in November 2020 to obtain discovery for use in a foreign proceeding – his criminal trial – pursuant to 28 U.S.C. § 1782 ("Section 1782"). Before obtaining any discovery, Petitioner voluntarily dismissed this action without prejudice on April 21, 2022. (ECF Nos. 61-62) On February 7, 2025 – nearly three years after voluntarily dismissing this action – he filed a motion to re-open this case to obtain discovery from a different group of Respondents than named in his original petition and for new criminal charges against him.[1] For the reasons set forth below, I respectfully recommend that the motion to re-open be denied.

---

[1] Only Respondent Tim Leissner was named in the initial petition.

1

**BACKGROUND**

1. *The 1MDB Scandal*

This case relates to an international scandal involving the Malaysian sovereign wealth fund, 1 Malyasia Development Berhad ("1MDB"). 1MDB's purpose was to promote economic development through global partnerships and foreign direct investment. However, billions of dollars were diverted from the fund by high-ranking fund officials and others for personal benefit. https://www.fbi.gov/news/stories/us-seeks-to-recover-1-billion-in-largest-kleptocracy-case-to-date (last visited April 24, 2025). The U.S. Department of Justice was integral in the investigation and prosecution of individuals who were involved in embezzling and laundering money from the fund, but the Malaysian authorities also brought criminal charges against wrongdoers.

Petitioner was arrested in 2018 for his role in the scandal, leading to the end of his position as Prime Minister. In July 2020, he was convicted in Malaysia after a trial of various crimes related to the 1MDB scandal, including money laundering and abuse of position. He is currently serving a sentence for these crimes.[2] Petitioner has been charged with additional crimes relating to other 1MDB-related misconduct, and those are the criminal charges for which Petitioner now seeks information, because his trial for those additional crimes is ongoing and expected to end sometime this year. Petitioner maintains his innocence as to all charges and says he did not receive a fair trial on the earlier charges for which he was convicted.

---

[2] Petitioner was partially successful in appealing his conviction and sentence, resulting in his sentence being partially commuted. Petitioner is pursuing further relief through the Working Group on Arbitrary Detention, Office of the High Commission for Human Rights in Geneva, on the ground he was denied a fair trial.

When Petitioner initially filed this action, he sought information from Timothy Leissner ("Leissner") and The Goldman Sachs Group, Inc. ("Goldman Sachs") for use in his first criminal trial. Goldman Sachs provided investment banking services to 1MDB and underwrote three bond offerings. Money from those bond offerings was embezzled for the personal benefit of Petitioner and others associated with 1MDB. Leissner worked for Goldman Sachs as a Managing Director and Chair of its Southeast Asia Division in Malaysia. In 2018, he was criminally charged in the Eastern District of New York for his role in the 1MDB scandal and pleaded guilty to conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and conspiracy to commit money laundering. *See United States v. Leissner*, No. 18-CR-439 (MKB) (E.D.N.Y.), Plea Tr. at Dkt. No. 47. Leissner has not yet been sentenced. His sentencing is scheduled for the end of May 2025. Goldman Sachs also was accused of criminal wrongdoing in connection with 1MDB, and on October 22, 2020, entered into a three-year deferred prosecution agreement with the United States. https://www.justice.gov/usao-edny/pr/goldman-sachs-resolves-foreign-bribery-case-and-agrees-pay-over-29-billion (last visited April 24, 2025).

The United States also prosecuted Leissner's Goldman Sachs' colleague and former head of investment banking in Malaysia, Roger Ng, for participating in the money laundering conspiracy and violations of the FCPA. *United States v. Jho Low and Ng Chong Hwa* ("Roger Ng"), No. 18-CR-538 (MKB) (E.D.N.Y.). Ng was tried in the Eastern District of New York and, on April 8, 2022, convicted. He was sentenced to 10 years in prison and later extradited to

Malaysia to face criminal charges there.[3]  Leissner testified for ten days during Ng's trial about the 1MDB corruption and Ng's and others' role in it.

### 2. The Original Section 1782 Petition

This Court granted Petitioner's initial application to serve discovery subpoenas on Leissner and Goldman Sachs on an ex parte basis but gave Leissner and Goldman Sachs time to object to the subpoenas and their scope.[4]  Before objections or responses were filed, , the U.S. government sought to intervene in this action and preclude discovery, because Ng's trial had not yet occurred and the U.S. government was still investigating crimes in connection with 1MDB.  This Court permitted the U.S. government to intervene and stayed Leissner's and Goldman Sachs' time to object and respond to Petitioner's discovery requests until 60 days after completion of Ng's criminal trial.  (ECF No. 48)  Petitioner objected to the stay, but the Honorable John G. Koeltl denied his motion to vacate the stay.[5]  (ECF No. 55)

As noted above, on April 8, 2022, a jury returned a verdict against Ng.  Although the stay on discovery was set to be lifted imminently, on April 21, 2022, Petitioner voluntarily dismissed this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) without insisting on any response to his discovery requests from Leissner or Goldman Sachs.

---

[3] The indictment against Ng also named Jho Low, a Malaysian financier and advisor to Petitioner and 1MDB, as a co-conspirator.  Low remains a fugitive.

[4] Petitioner's original application represented that Leissner could be found in this District because his bail conditions required him to reside in New York, New York or Long Island, New York, a press report stated that he was in New York City just prior to COVID-19 lockdowns being implemented (about six months prior to this action being initiated), and Leissner's last known address was in New York City based on public records.  (ECF No. 1 at ¶ 12)  The Court authorized alternative service on Leissner's defense attorneys because a process server tried to serve the petition on Leissner at his New York residence but was told Leissner did not live there.

[5] Petitioner also sought to intervene in the Ng criminal case for purposes of obtaining allegedly exculpatory information, but the Hon. Margo K. Brodie, the presiding judge in that case, denied the intervention motion. *United States v. Jho Low and Ng Chong Hwa*, No. 18-CR-538, Dkt. No. 76.

3. ***The Renewed and Amended Petition and Rule 60(b) Motion***

On February 7, 2025, Petitioner moved pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6) to re-open this case and for permission to seek information pursuant to Section 1782 from Leissner and from the criminal defense lawyers who represented Ng at his trial. Those lawyers are Agnifilo Intrater LLP, Brafman P.C. and Marc A. Agnifilo (collectively, "Defense Counsel"). Petitioner no longer seeks information from Goldman Sachs.

The information Petitioner now seeks from Leissner differs slightly from what he originally sought and includes documents relating to whether Petitioner was involved in or knew about the 1MDB scheme; communications between and/or among Leissner, Low, Petitioner, and Jasmine Loo Ali Swan (former general counsel of 1MDB)[6] regarding the scheme; documents reflecting any effort by Leissner to determine whether Low was authorized to speak on behalf of Petitioner regarding the scheme; documents reflecting instructions to transfer 1MDB funds to Petitioner or his family; documents relating to kickbacks, bribes, and other payments provided to Shahrol Azral Ibrahim Halmi, former Chief Executive Officer of 1MDB, Hazem Abdul Rahman, former Chief Operating Officer and Chief Executive Officer of 1MDB, or Azmi bin Tahir, former Chief Financial Officer of 1MDB, and their knowledge of and participation in the scheme; documents relating to kickbacks, bribes, or other payments made to other 1MDB-affiliated individuals or to Malaysian government officials; documents relating to shell companies and bank accounts used in connection with the scheme; documents revealing the identity of individuals named in the Leissner Indictment as co-conspirators #1-5, 1MDB Officials

---

[6] https://www.justice.gov/archives/opa/pr/justice-department-recover-nearly-85m-additional-funds-linked-1mdb-scheme (last visited April 22, 2025).

5

#1-3, Malaysian Official #1, and Abu Dhabi Official #1 and discussing them by their real names; documents revealing the identity of individuals named in the Low/Ng Indictment as Co-Conspirators #1-4; 1MDB Officials #1-3; Malaysian Official #1 and Abud Dhabi Official #1 and discussing them by their real names; documents revealing the identity of individuals named in the Goldman Sachs Informations as 1MDB Officials #1-5, Malaysian Officials #1-4, Abu Dhabi Officials #1-2, and Individual #1 and discussing them by their real names; and documents relating to Leissner's cooperations with Malaysian law enforcement and judicial authorities including any formal cooperation agreements. Petitioner also seeks to depose Leissner.

The information Razak seeks from Defense Counsel are copies of exhibits introduced into evidence during the Ng trial and any non-privileged list of those exhibits; documents that refer or relate to whether Razak was involved in, participated, or knew of the 1MDB scheme, and documents pertaining to specific representations made by Ng's defense counsel to the Court in Ng's criminal case that would "indisputably advance Razak's stated factual defense."[7] Petitioner also seeks the deposition of Defense Counsel.

Respondents object to Petitioner's attempt to re-open this matter under Rule 60(b)(6) on the grounds that it was not filed within a "reasonable time" after it was closed and Petitioner fails to provide a good reason to re-open it. Defense Counsel Respondents also contend that the discovery sought is burdensome on them and is better sought from Leissner or the prosecutors in the Ng trial. They also point out that there is a Protective Order still in place in the Ng matter that restricts them from responding to the requests to the extent they seek

---

[7] These documents supposedly would show that certain people at 1MDB engaged in bribery without the participation of Petitioner.

6

information produced to them by the U.S. government that was not made public at Ng's trial. *See U.S. v. Ng Chong Hwa a/k/ Roger Ng*, 1:18-cr-00538-MKB, Dkt. 26. For his part, Leissner contends that this Court should not have authorized alternative service on him through his defense counsel and that this Court lacks personal jurisdiction over him because he does not reside in or travel to this District, owns no property in this District, and because the conduct about which Petitioner seeks discovery occurred outside of the United States while he was employed by Goldman Sachs in Malaysia. He also argues that the discovery sought jeopardizes his Fifth Amendment rights insofar as his criminal action is still pending and he is scheduled for sentencing at the end of May 2025 and thus should not be required to testify on matters that may incriminate him. Finally, he argues the discovery sought is burdensome and harassing insofar as Petitioner has all the information he can possibly want in the form of Leissner's 10-days of trial testimony in the Ng case and, thus, the discovery imposes unnecessary costs on him and also burdens him from a time standpoint when he is preparing for his sentencing.

## DISCUSSION

There are several issues raised by Petitioner's motion. The first is whether he can take advantage of Rule 60(b)(6) to re-open this matter as opposed to simply filing a new petition under Section 1782. The next is whether Petitioner can re-open this matter for purposes of seeking discovery from Respondents never named in the initial petition (i.e., the Defense Counsel Respondents). The next is whether Leissner can challenge service. And, lastly, assuming all of the above hurdles are met, whether the statutory factors for Section 1782 discovery are met, and, if so, whether discovery is appropriate under the so-called discretionary

7

*Intel* factors. As discussed below, after careful consideration of all of the arguments, the Court finds it need only address the first question, as it is dispositive.

Dismissal of an action under Rule 41(a) ends an action without prejudice to filing a future action. At least one court in this District has held that Rule 60(b) can be invoked in connection with a case that was previously dismissed pursuant to Rule 41(a). *Walker v. Dep't of Veterans Affairs*, 94 Civ. 5591, 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995) (Noting that Rule 41(a) dismissal "is a final judgment in the sense that it ends the pending action," but finding rule did not allow for re-opening due to evidence that did not exist at the time of the dismissal but that the plaintiff could file a new action).

Petitioner acknowledges that his application is novel insofar as he is not merely asking for this matter to be re-opened but also for the Court to essentially approve an amendment to the original petition and authorize discovery to be served on respondents who were never named in the original petition. Petitioner also asks that if the Court deems Rule 60(b) not to be an appropriate avenue of relief, his petition be deemed a new action.

Rule 60(b) sets forth the grounds for seeking relief from a final judgment. These include (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or otherwise is no longer valid; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1-6). Petitioner here invokes subsection (6) of the Rule.

A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Additionally, the party seeking relief must demonstrate "extraordinary circumstances"

or "extreme hardship" to warrant relief. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *United States v. Cerami*, 563 F.2d 26, 32 (2d Cir. 1977). This generally requires a showing of "highly convincing evidence, good cause for not acting sooner, and an absence of undue hardship on other parties." *Knight v. City of New York*, No. 19 Civ. 4022 (S.D.N.Y. July 13, 2020), 2020 WL 3961969, at *2 (cleaned up). The decision to grant a Rule 60(b) motion is within the "sound discretion" of the trial court. *Stevens,* 676 F.3d at 67.

According to Petitioner's counsel, the extraordinary circumstances for re-opening this matter include the fact that Defense Counsel acknowledged during Ng's trial that they were in possession of documents that exculpate Petitioner, the imminent conclusion of Petitioner's criminal trial in the second quarter of 2025,[8] the narrow scope of documents sought in this action, the fact that the U.S. criminal action against Ng is over, that there is no prejudice to Respondent Leissner because he already testified about the subject matter of the discovery requests, and the fact that the task force in charge of the 1MDB criminal cases has recently been dissolved.

In most circumstances, a "reasonable time" to move to re-open under Rule 60(b) is one year, although that time limit does not apply to Rule 60(b)(6). Fed. R. Civ. P. 60(c)(1). Still, Petitioner cites no case where three years was deemed to be a reasonable time. Nor is this Court aware of any such cases. *See Dean v. U.S.*, 1989 WL 100058 (1989) (22 ½ months not

---

[8] The parties dispute whether the criminal proceeding will be completed in the second quarter of 2025. Leissner has cited to a newspaper article indicating the case will continue until the end of 2025. December 2, 2024, *Malay Mail,* available at: https://www.malaymail.com/news/malaysia/2024/12/02/najib-begins-his-defence-in-1mdb-trialtoday- six-years-after-charges/158236 ("For now, the High Court has scheduled 97 hearing days for Najib's defence [sic] in the 1MDB trial. . . The trial is then expected to resume in 2025 from January through to April and then continue on May 5-9; June 16-20; August 5-8, 18-22; September 8-12; October 6-10; until November 3-7.").

reasonable); *Bushey v. U.S.*, 109 F. Supp. 427 (Ct. Cl. 1953) (18 months not reasonable). Petitioner does not explain why he did not seek to re-open sooner, especially when the need for the information Petitioner seeks has existed since he filed this action. Defense Counsel's statement at Ng's trial that they had exculpatory evidence is not new information—Petitioner had it when he voluntarily dismissed this action in 2022. Thus, Petitioner did not move to re-open within a reasonable time.

Additionally, Petitioner has not demonstrated "extraordinary circumstances" or "extreme hardship" that would justify re-opening this matter. Neither Defense Counsel's statements to the Court during Ng's trial or the supposed imminence of Petitioner's Malaysian trial ending constitute an extraordinary circumstance, particularly when Petitioner's criminal case has been ongoing for years and Defense Counsel's statements were known before Petitioner chose to dismiss this action. Petitioner's argument about lack of prejudice to Leissner is not persuasive because it underscores that Petitioner in fact already has access to much of the information he seeks from the Ng trial transcript. Further, the Court is not convinced that there is no prejudice to Leissner. Leissner's own criminal case is ongoing, raising concerns about whether Petitioner's demands – especially for a deposition – may jeopardize Leissner's Fifth Amendment rights and, separately impose a burden at a time when he is preparing for his sentencing. It also has come to light that Leissner does not reside in or own property in this District, contrary to what was suggested in Petitioner's original application, raising the likelihood

of additional briefing on whether a Rule 45 subpoena issued from this District to Leissner should be quashed.[9]

Petitioner's last reason is most revealing–his motion was filed just two days after the new U.S. Attorney General, Pam Bondi, announced on February 5, 2025 that the U.S. Department of Justice was no longer prioritizing foreign bribery actions. https://www.justice.gov/ag/select-publications (February 5, 2025, General Policy Regarding Charging, Plea Negotiations, and Sentencing; announcing disbanding of Foreign Influence Task Force) (last visited April 24, 2025); https://www.whitehouse.gov/presidential-actions/2025/02/pausing-foreign-corrupt-practices-act-enforcement-to-further-american-economic-and-national-security/ (last visited April 24, 2025).  It seems Petitioner bet that the change in U.S. Department of Justice enforcement priorities would potentially allow him to obtain discovery that the U.S. government previously objected to being provided.  But, as noted above and as argued by the Defense Counsel Respondents, the Court's Protective Order in the Ng case remains in force and, based on this Court's review, would seem to preclude most of the discovery sought from them except to the extent the information became public at trial.  In any case, a change in U.S. government enforcement priorities does not constitute "extraordinary circumstances" for purposes of Rule 60(b)(6).

---

[9] The Court did not previously address Leissner's arguments that he cannot be "found" in this District for purposes of Section 1782 because it granted the petition on an ex parte basis.  And, even if this Court authorized service of the original petition on Leissner's counsel, that authorization does not mean that Leissner cannot move to quash any subpoena issued under Rule 45 because it would require him to travel to a place more than 100 miles from where he resides, is employed or regularly transacts business in person.  Fed. R. Civ. P. 45(c)(1-2) (place of compliance must be within 100 miles of where person resides, is employed, or regularly transacts business); *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) (if a person is served with a subpoena while physically present in the district that issued the subpoena, the person is "found" in that district for purposes of authorizing Section 1782 discovery).

In sum, Petitioner has failed to show extraordinary circumstances or extreme hardship justifying re-opening this case. *See Wagner Spray Tech Corp. v. Wolf*, 113 F.R.D. 50 (S.D.N.Y. 1986) (motion to re-open denied after defendant sought to re-open after previously dismissing his case voluntarily); *First Keystone Consultants, inc. v. Schlesinger Elec. Contractors, Inc.*, 10 Civ. 696, 2012 WL 6617361, at *4 (E.D.N.Y. Dec. 19, 2012) (denying Rule 60(b) motion when a party stipulated to dismissal of claims with prejudice in past); *see also* 12 *Moore's Fed. Practice* § 60.48[3][b] (Matthew Bender 3d ed., 2016) ("In a vast majority of the cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault for [the] predicament; that is, the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought.").

## CONCLUSION

For the above reasons, I respectfully recommend that the motion to re-open be denied. This recommendation does not preclude Petitioner from filing a new action and paying the filing fee to do so because his prior action was dismissed without prejudice. There is no procedural mechanism that permits this Court to simply deem the revised petition a new case. I recommend that Petitioner be required to advise the Court of this action in any future case filed. Additionally, nothing herein precludes Petitioner from filing an application in the Ng case to obtain trial exhibits that were made public.

Date:   April 25, 2025
        New York, New York

                                                    Respectfully submitted,

                                                    *Katharine H. Parker*
                                                    _____
                                                    Katharine H. Parker
                                                    United States Magistrate Judge

**NOTICE**

**The parties shall have fourteen days from this date to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) to this Report and Recommendation. If written objections are filed, responses opposing the objections are due within fourteen days after being served with a copy of the objections. Fed. R. Civ. P.72(b)(2).**

**Objections and responses to objections shall be filed with the Clerk of Court, with courtesy copies delivered to the Hon. John G. Koeltl at 500 Pearl St., New York, NY 10007-1312, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any request for an extension of time to file objections must be directed to Judge Koeltl. Failure to file timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn*, 474 U.S. 140 (1985).